IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ZOE NAUMAN, INDIVIDUALLY and d/b/a GODSPEED BAR,<br><br>Defendant. / | No. C 12-0631 MMC<br><br>**ORDER GRANTING IN PART PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT; VACATING HEARING** |

Before the Court is plaintiff G & G Closed Circuit Events, LLC's ("G & G") "Application for Default Judgment by the Court," filed August 14, 2012. Defendant Zoe Nauman has not filed opposition. Having read and considered the papers submitted in support of the motion, the Court deems the motion appropriate for decision on the moving papers, VACATES the hearing scheduled for September 21, 2012, and rules as follows.

1. Having read and considered the declaration of Thomas P. Riley and the affidavit of Gary Gravelyn, and having before it the facts stated in the complaint, which facts are deemed true by reason of the entry of default, see Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978), the Court finds G & G had the exclusive rights to distribute "Strikeforce: Fedor Emelianenko vs. Antonio Silva" ("the Program") and further finds defendant, having no license, intercepted and exhibited for his patrons the Program, in violation of 47 U.S.C. § 605(a). See Kingvision Pay-Per-View, Ltd. v. Backman, 102 F. Supp. 2d 1196, 1196-97

(N.D. Cal. 2000) (holding unauthorized interception and broadcast of program for which plaintiff has distribution rights violates § 605(a)).

2. G & G, having elected statutory damages under § 605(a), is entitled to a "sum of not less than $1,000 or more than $10,000, as the court considers just." See 47 U.S.C. § 605(e)(3)(C)(i)(II). A traditional method of determining statutory damages is to estimate either the loss incurred by the plaintiff or the profits made by the defendant. See Kingvision Pay-Per-View, Ltd. v. Body Shop, 2002 WL 393091, at *4 (S.D.N.Y. Mar. 13, 2002). Here, G & G has not submitted evidence regarding its losses. With respect to defendant's profits, G & G offers evidence that at least five persons were present at defendant's bar during the telecast of the subject program (see Declaration of Affiant, filed August 14, 2012, attached exhibit (Gravelyn Aff.)), and it can be inferred that at least some of those patrons purchased food and/or beverages in connection with the screening. G & G's investigator was not charged a cover, however, and provided no evidence that the price of food or beverages was increased for the event. Where, as here, there is no evidence that the financial benefit to the defendant exceeded $1000, the Court finds an award of statutory damages in the amount of $1000 is appropriate. See, e.g., Kingvision Pay-Per-View, Ltd. v. Chavez, 2000 WL 1847644, at *3 (N.D. Cal. Dec. 11, 2000) (awarding $1000 in statutory damages for violation of § 605 where 40 patrons were present in defendant's restaurant and paid $10 cover charge).

3. G & G seeks an enhancement of the award of statutory damages. Where a violation of § 605(a) is "committed willfully and for purposes of direct or indirect commercial advantage or private financial gain," the court may enhance the damages award by up to $100,000. See 47 U.S.C. § 605(e)(3)(C)(ii). Here, as alleged by G & G in its Complaint, and deemed true by the Court, defendant exhibited the Program, knowing the Program was not to be intercepted without permission, and did so to obtain financial gain. (See Compl. ¶¶ 12-13.) Further, the evidence submitted supports a finding that defendant did in fact gain financially from showing the Program; specifically, defendant displayed the Program on one large projector and at least five patrons were present during the screening.

1  Consequently, the Court finds defendant acted willfully and for private financial gain. To
2  deter future willful violations, enhancement damages in the amount of $5000 will be
3  awarded. See Joe Hand Promotions, Inc. v. Pete, 1999 WL 638215, at *2 (N.D. Cal. Aug.
4  17, 1999) (awarding enhancement damages of $5000 "to deter future piracy of pay-per-
5  view events").

6        4. With respect to its state law claim of conversion, G & G argues it is entitled to an
7  award in the amount of $1800, which, G & G asserts, was "the amount Defendant would
8  have been required to pay had he ordered the Program from Plaintiff." (See Pl.'s Mem. of
9  P. & A. at 20.) G & G, however, has offered no declaration or other evidence to support
10 said assertion. In the absence of such evidence, G & G has not shown its entitlement to an
11 additional award of $1800. See Amini Innovation Corp. v. KTY Int'l Marketing, 768 F.
12 Supp. 2d 1049, 1054 (C.D. Cal. 2011) (holding plaintiff seeking default judgment "is
13 required to provide evidence of its damages").

**CONCLUSION**

15     For the reasons stated above, G & G's application for default judgment is hereby
16 GRANTED in part, and plaintiff shall have judgment against defendant in the amount of
17 $6000.

18     The Clerk shall enter the judgment and close the file.

19     **IT IS SO ORDERED.**

21 Dated: September 19, 2012

MAXINE M. CHESNEY
United States District Judge